1  BERKES CRANE ROBINSON & SEAL LLP
   Steven M. Crane (SBN 108930)
2   scrane@bcrslaw.com
   Peter J. Marcus (SBN 202602)
3   pmarcus@bcrslaw.com
   515 South Figueroa Street, Suite 1500
4  Los Angeles, California 90071
   Telephone:  (213) 955-1150
5  Facsimile:  (213) 955-1155

6  Attorneys for Plaintiff, RLI INSURANCE
   COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11  RLI INSURANCE COMPANY,            | Case No.

12              Plaintiff,            | **COMPLAINT FOR
                                      | DECLARATORY RELIEF**
13       v.
                                      | **[DEMAND FOR JURY TRIAL]**
14  CITY OF VISALIA,

15              Defendant.

16

17       Plaintiff, RLI Insurance Company (hereinafter "Plaintiff" or "RLI") alleges:

18                    **NATURE OF THE ACTION**

19       1.    This is an insurance coverage dispute between RLI Insurance Company

20  and Defendant, City of Visalia ("City").  Plaintiff RLI asks the Court to declare and

21  adjudge the respective rights, duties and obligations of the parties under an umbrella

22  insurance policy issued by RLI to the City in connection with an Underlying Action

23  (described more fully below).  The subject RLI policy is further described below in

24  this Complaint.

25       2.    Plaintiff also asks the Court to declare whether the underlying primary

26  insurance has been properly exhausted and, therefore, whether any duties to defend or

27  indemnify the City can yet be triggered under the RLI Policy.  The primary insurance

28

1  policies are further described in this Complaint and are referred to collectively herein
2  as the "Primary Policies," unless otherwise noted.

3                              **THE PARTIES**

4       3.     Plaintiff RLI is and at all relevant times hereto was a corporation
5  incorporated in Illinois with its principal place of business in Peoria, Illinois.  RLI is
6  an insurance company authorized to do business in California.

7       4.     Defendant City is and at all relevant times hereto was a municipal
8  corporation organized and existing under and by virtue of the laws of the State of
9  California.

10                        **JURISDICTION AND VENUE**

11      5.     This Court has jurisdiction over the claims for relief pursuant to 28
12 U.S.C. §1332(a)(1), in that there is complete diversity of citizenship between Plaintiff
13 and Defendant and the amount in controversy, exclusive of interest and costs, exceeds
14 $75,000, as it is alleged that the cost to investigate and remediate contamination of the
15 property that is the subject of the action (not including costs of defense of the action),
16 is at least $6.2 million, for which the declarations regarding insurance coverage are
17 sought herein.  Additionally, this Court has jurisdiction over the declaratory relief
18 claim pursuant to 28 U.S.C. §§2201 and 2202.

19      6.     Venue is proper in this judicial district, and before this Court, pursuant to
20 28 U.S.C. §§1391(a)(1), (a)(2), (b)(1) and (b)(2) because the RLI insurance policy at
21 issue herein was negotiated and entered in Visalia, California; the underlying lawsuit
22 for which Defendants seek insurance coverage, *Mission Linen Supply v. City of*
23 *Visalia*, Case No. 1:15-cv-00672-AWJ-GSA, is filed on May 1, 2015 in the U.S.
24 District Court of Eastern District of California, Fresno Division (the "Underlying
25 Action"), and the allegedly polluted property that is the subject of the City's insurance
26 claim against RLI, which is the subject of the Underlying Action, is located in Tulare
27 County, California.

28 / / /

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1

## GENERAL ALLEGATIONS

2      7.     This is an action for declaratory relief under 28 U.S.C. §§2201 and 2202
3  and Rule 57 of the Federal Rules of Civil Procedure.  RLI brings this action to
4  determine the rights and duties of RLI and the City with respect to the RLI policy as it
5  relates to an Underlying Action, which generally concerns claims against the City
6  related to clean up of property that has been contaminated with pollutants.

7      8.     An actual and justiciable controversy exists between RLI and the City
8  concerning the parties' rights, duties and obligations under the RLI Policy with
9  respect to the City's claims for defense and indemnity costs as to the Underlying
10  Action.

11

## THE INSURANCE POLICIES

12      9.     The City claims that RLI issued an umbrella policy that provides
13  coverage for claims alleged in the Underlying Action.

14      10.    RLI issued Policy No. R20040U to the City for the policy period March
15  8, 1978-1979 (the "RLI Policy").  A copy of the RLI Policy is attached hereto as
16  Exhibit "A" and hereby incorporated by reference as if fully set forth herein.

17      11.    Among its other provisions, the RLI Policy's "Other Insurance" clause,
18  Paragraph L of the policy Conditions, states, "If other valid and collectible insurance
19  with any other insurer is available to the Assured covering loss also covered by this
20  policy, other than insurance that is in excess of the insurance afforded by this policy,
21  the insurance afforded by this policy shall be in excess of and shall not contribute
22  with such other insurance.  Nothing herein shall be construed to make this policy
23  subject to the terms, conditions and limitations of other insurance."

24      12.    Among its other provisions, the RLI Policy's insuring agreement states:
25                    UMBRELLA LIABILITY INSURANCE
26                    INSURING AGREEMENTS
27           I.    COVERAGE

28

The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability,

    (a)  Imposed upon the Assured by law,

or

    (b)  Assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages, direct or consequential and expenses, all as more fully defined by the term "ultimate net loss" on account of:

   (i)  Personal injuries, including death at any time resulting therefrom,

  (ii)  Property Damage,

 (iii)  Advertising liability,

caused by or arising out of each occurrence happening anywhere in the world.

II.    LIMIT OF LIABILITY

The Company shall only be liable for the ultimate net loss the excess of either

    (a)  the limits of the underlying insurances as set out in the schedule in respect of each occurrence covered by said underlying insurances,

or

    (b)  The amount as set out in the declarations as the self-insured retention in respect of each occurrence not covered by said underlying insurances,

    (hereinafter called the "Underlying Limits"):

and then only up to further sum as stated in Item 2(a) of the Declarations in all in respect of each occurrence subject to limit as stated in Item 2(b) of the Declarations in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

In the event of reduction or exhaustion of the aggregate limits of liability under said underlying insurances by reason of losses paid thereunder, this policy shall

(1) in the event of reduction pay the excess of the reduced underlying limit

(2) in the event of exhaustion continue in force as underlying insurance.

The inclusion or addition hereunder of more than one Assured shall not operate to increase the Company's limit of liability.

III.   DEFENSE SETTLEMENT SUPPLEMENTARY PAYMENTS

With respect to any occurrence not covered by the underlying policies listed in the Schedule of Underlying Insurance hereof or any other underlying insurance collectible by the Assured, but covered by the terms and conditions of this policy except for the amount of Retained Limit specified in the Declarations, the Company shall

(a) defend any suit against the Assured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the Company, all costs taxed against the Assured in any such suit and all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon;

(d) reimburse the Assured for all reasonable expenses other than loss of earnings incurred at the Company's request;

and the amounts so incurred, except settlements of claims and suits are payable by the Company in addition to the applicable limit of liability of this policy.

In jurisdictions where the Company may be prevented by law or otherwise from carrying out this agreement, the

Company shall pay any expense incurred with its written consent in accordance with this agreement.

The Assured shall promptly reimburse the Company for any amount of ultimate net loss, except for Defense Cost incurred on behalf of the Assured within the Self Insured Retention specified in the Declarations.

13.   Among its other provisions, the RLI Policy states it is subject to the following definitions:

THIS POLICY IS SUBJECT TO THE FOLLOWING DEFINITIONS
                                                        * * *

5.   OCCURRENCE

The term "Occurrence" wherever used herein shall mean an accident or happening or event or continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period.  All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

6.   ULTIMATE NET LOSS

The term "Ultimate Net Loss" shall mean the total sum which the Assured or any company as his insurer, or both, become obligated to pay by reason of personal injury, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as consequence of any occurrence covered hereunder, excluding only the salaries of the Assureds or of any underlying Insurers permanent employees.

The Company shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

14.   Among the RLI Policy's exclusions is a Pollution Exclusion, which states:

THIS POLICY IS SUBJECT TO THE FOLLOWING EXCLUSIONS

1    This policy shall not apply:

2    * * *

3    (f) As respects all operations,

4        (1) To the discharge, dispersal, release, or escape of
5            smoke, vapors, soot, acids, alkalis, toxic chemicals,
        solids, liquids or gases, waste materials, or other
        irritants, contaminants or pollutants into or upon land,
6            the atmosphere or any watercourse or body of water
        unless such discharge dispersal release or escape is
7            sudden and accidental.

8        (2) For the cost of removing nullifying or cleaning up
9            substances described in (1) above.

10   15.   The RLI Policy also provides:

11   H.   ASSISTANCE AND CO-OPERATION –

12   The Company shall not be called upon to assume charge of
the settlement or defense of any claim made or suit brought
13   or proceeding instituted against the Assured but the
Company shall have the right and shall be given the
14   opportunity to associate with the Assured or the Assured's
underlying insurers, or both, in the defense and control of
15   any claim, suit or proceeding relative to an occurrence
where the claim or suit involves, or appears reasonably
16   likely to involve the Company, in which event the Assured
and the Company shall co-operate in all things in the
17   defense of such claim, suit or proceeding.

18   C.   PRIOR INSURANCE NON-CUMULATION OF
LIABILITY –
19
It is agreed that if any loss covered hereunder is also covered
20   in whole or in part under any other excess policy issued to
the Assured prior to the inception date hereof the limit of
21   liability hereon as stated in item 2 of the Declaration shall be
reduced by any amounts due to the Assured on account of
22   such loss under such prior insurance.

23   16.   Maine Bonding and Casualty Company ("MBCC") issued Policy No.

24   VW002573 to the City for the policy period February 6, 1976-1977 (the "MBCC

25   Policy"). A copy of the MBCC Policy is attached hereto as Exhibit "B" and hereby

26   incorporated by reference as if fully set forth herein. The MBCC policy had limits of

27   $5 million each occurrence. Zurich American Insurance Company ("Zurich") is the

28   successor in interest to MBCC.

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL

7

17.    The City contends that certain primary insurers provide defense and
indemnity coverage for the underlying action.  Those primary insurers have been
providing a defense to the City in connection with the Underlying Action, under the
following underlying Primary Policies:

>           a.    United States Fire Insurance Company ("U.S. Fire") issued to the
>                 City policy number GA282570 for the policy period February 6,
>                 1971-1974 (the "U.S. Fire Primary Policy");
>           b.    Industrial Indemnity Insurance Company ("Industrial Indemnity")
>                 issued to the City policy number LG698-6196 for the policy
>                 period February 6, 1974-1977; and policy number LG779-5702 for
>                 the policy period February 6, 1977-1978 (the "Industrial
>                 Indemnity Primary Policies"); and
>           c.    Great American Insurance Company and Great American
>                 Insurance Company of New York formerly known as American
>                 National Fire Insurance Company (collectively "Great American")
>                 issued to the City policy number SLP 9453799 for the policy
>                 period of March 8, 1978-1979; and policy number SLP 9465680
>                 for the policy period March 8, 1979-1980 (the "Great American
>                 Primary Policies").

## MISSION LINEN IS ORDERED TO INVESTIGATE
## AND REMEDIATE CONTAMINATION

18.    RLI is informed and believes that as early as September 2006 the
California Environmental Protection Agency, Department of Toxic Substance Control
("DTSC") issued an Imminent and Substantial Endangerment Determination, Docket
No. ISE 06/07-006 (the "2006 ISE Determination") to Respondents "Unknown" for
property that overlies the Visalia Central City Plume Area ("Plume Area") located in
the central city area of the City of Visalia, Tulare County, California.  The 2006 ISE
Determination addressed certain property that lies over a groundwater plume

1  contaminated with chlorinated solvents primarily tetrachlorcethylene also known as

2  perchloroethylene ("PCE"), a chemical historically used by dry cleaning operations.

3      19.    RLI is informed and believes that in the 2006 ISE Determination, the

4  DTSC determined that removal or remedial action was necessary because there may

5  be an imminent and substantial endangerment to the public health or welfare or to the

6  environment.

7      20.    RLI is informed and believes that on February 3, 2010, the DTSC issued

8  an Imminent and Substantial Endangerment Order Docket No. 09/10-012 Unilateral

9  Order (the "2010 ISE Order") to Mission Linen Supply ("Mission Linen") concerning

10  certain property in the City owned by Mission Linen located at the northwest corner

11  of Mineral King Avenue and Tipton Street in Visalia, Tulare County, California

12  93292, which property has been referred to by address as either as 520 Mineral King

13  Avenue or 510 Mineral King Avenue, in Visalia, Tulare County, California 93292

14  (the "Site"), which had been used as part of Mission Linen's dry cleaning operations.

15      21.    RLI is informed and believes that in the 2010 ISE Order, the DTSC made

16  certain findings of fact, including that certain hazardous substances had been found at

17  the Site and in surrounding areas, including in public drinking water supply wells,

18  active soil gas and shallow groundwater, including PCE.

19      22.    RLI is informed and believes that as early as February 2010 Mission

20  Linen received the 2010 ISE Order from the DTSC directing it to determine the extent

21  of soil and groundwater contamination at the Site and to take remedial actions

22  including cleaning up the effects of the contamination and discharges at the Site.

23              **THE UNDERLYING ACTION AND GENERAL ALLEGATIONS**

24      23.    The City claims to be entitled to benefits under the subject Policies in

25  connection with the action in which Defendant City has been sued by Mission Linen

26  in the case styled *Mission Linen Supply v. City of Visalia*, Case No. 1:15-cv-00672-

27  AWJ-GSA, filed in the U.S. District Court Eastern District of California on May 1,

28  2015 (the "Underlying Action").

24.     The Underlying Action presents ten causes of action titled (1) Cost Recovery Pursuant to CERCLA 107(A), (2) Contribution Pursuant to CERCLA 113(F), (3) Continuing Private Nuisance, (4) Nuisance Per Se, (5) Declaratory Relief, (6) Dangerous Condition of Public Property, (7) Continuing Public Nuisance, (8) Public Nuisance Per Se, (9) Equitable Indemnity, and (10) Federal Declaratory Relief. (A copy of the operative complaint is attached hereto as Exhibit "C.")

25.     Plaintiff in the Underlying Action, Mission Linen, seeks to recover from the City costs incurred and to be incurred for investigation of, removal, and/or cleanup of environmental contamination as a result of the alleged release of PCE in and around the Site.  See Exhibit C.

**THE CITY'S TENDER OF THE UNDERLYING ACTION TO RLI**

26.     On or about June 16, 2015, the City notified RLI of the Underlying Action and requested that RLI defend and indemnify the City with respect to that action.

27.     On or about July 14, 2015, among other things and subject to a full reservation of rights, RLI advised the City that the RLI policy is excess over certain underlying insurance and does not require RLI to participate in the City's defense or indemnify it in connection with the Underlying Action before the underlying insurance is exhausted, but that RLI would monitor the matter; RLI outlined certain RLI Policy language, including the above-referenced provisions and others; RLI advised there may be a basis(es) to disclaim coverage, and requested further information; and RLI addressed certain issues including the Pollution Exclusion, and that no defense or indemnity obligation could arise until all underlying insurance was exhausted.

28.     The City also tendered the Underlying Action for defense and indemnity to Zurich, claiming Zurich is obligated to indemnify the City for the Underlying Action.

/ / /

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

### FIRST CAUSE OF ACTION

**(Declaratory Relief – Pollution Exclusion)**

29.    RLI realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

30.    The City contends that any liability it incurs in the Underlying Action in excess of primary limits is covered by the RLI Policy.

31.    The City contends it is entitled to a defense and indemnity under the RLI Policy in connection with the Underlying Action.

32.    Based on the information available to it, RLI contends it has no duty to defend or indemnify the City with respect to the Underlying Action, on grounds that the RLI Policy's Pollution Exclusion applies to preclude coverage as to the Underlying Action.

33.    Thus, an actual and justiciable controversy exists between RLI and the City concerning their respective rights, duties and obligations under the RLI Policy with respect to the Underlying Action.

34.    RLI desires and seeks a judicial declaration of its rights, obligations and duties under the RLI Policy with respect to the City's claims for defense and indemnity under the Policy in connection with the Underlying Action.  RLI seeks a declaration that it has no duty under the RLI Policy to defend or indemnify the City with in connection with the Underlying Action based on the Pollution Exclusion in the RLI Policy.

35.    A judicial declaration is necessary and appropriate at this time so that RLI and Defendant may ascertain their rights, duties and obligations under the RLI Policy with respect to the alleged contamination at issue in the Underlying Action.

### SECOND CAUSE OF ACTION

**(Declaratory Relief – Prior Insurance Non Cumulation Clause)**

36.    RLI realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 – 31.

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

37.   Based on the information available to it, RLI contends that it has no duty to defend or indemnify the City with respect to the Underlying Action on the grounds that the RLI Policy's Prior Insurance Non Cumulation provision applies.

38.   Thus, an actual and justiciable controversy exists between RLI and the City concerning their respective rights, duties and obligations under the RLI Policy with respect to the Underlying Action.

39.   RLI desires and seeks a judicial declaration of its rights, obligations and duties under the RLI Policy with respect to the City's claims for defense and indemnity under the Policy in connection with the Underlying Action.  RLI seeks a declaration that it has no duty under the RLI Policy to defend or indemnify the City with in connection with the Underlying Action based on the Prior Insurance Non Cumulation provision in the RLI Policy.

40.   A judicial declaration is necessary and appropriate at this time so that RLI and Defendant may ascertain their rights, duties and obligations under the RLI Policy with respect to the alleged contamination at issue in the Underlying Action.

### THIRD CAUSE OF ACTION

### (Declaratory Relief – Exhaustion)

41.   RLI realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 – 31.

42.   RLI contends it has no duty to defend or indemnify the City with respect to the Underlying Action until all applicable underlying limits are fully paid in settlement of or for judgment in the Underlying Action.

43.   RLI further contends it has no duty to defend or assume charge of the defense of the Underlying Action under the terms of the RLI Policy.

44.   Thus, an actual and justiciable controversy exists between RLI and the City concerning their respective rights, duties and obligations under the RLI Policy with respect to the Underlying Action.

45.     RLI desires and seeks a judicial declaration of its rights, obligations and duties under the RLI Policy with respect to the City's claims for defense and indemnity under the Policy in connection with the Underlying Action.

46.     A judicial declaration is necessary and appropriate at this time so that RLI and Defendant may ascertain their rights, duties and obligations under the RLI Policy with respect to the alleged contamination at issue in the Underlying Action.

### PRAYER FOR RELIEF

WHEREFORE, RLI prays for judgment against Defendants as follows:

1.     For a declaration regarding the rights, duties and obligations of RLI consistent with this pleading, including specific declarations that RLI has no duty to defend or indemnify the City in the Underlying Action:

  a.     The RLI Policy's Pollution Exclusion applies and bars coverage under the RLI Policy with respect to the Underlying Action;

  b.     The Prior Insurance Non Cumulation provision applies to eliminate any limits under the RLI policy; and/or

  c.     No obligation to the City can arise under the RLI Policy until all underlying insurance is properly exhausted and that RLI has no duty to defend or assume charge of the defense of the Underlying Action.

2.     For a declaration regarding the rights, duties and obligations between parties;

3.     For costs of suit incurred herein; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     4.    For such other relief as this Court deems just, equitable and proper.

2

3 DATED:  September 7, 2017    BERKES CRANE ROBINSON & SEAL LLP

4

5     By:

6     STEVEN M. CRANE

    PETER J. MARCUS

7     Attorneys for Plaintiff, RLI INSURANCE

8     COMPANY

9

10 **DEMAND FOR JURY TRIAL**

11     Plaintiff RLI Insurance Company hereby demands a jury trial of this action.

12

13 DATED: September 7, 2017    BERKES CRANE ROBINSON & SEAL LLP

14

15     By:

16     STEVEN M. CRANE

17     PETER J. MARCUS

    Attorneys for Plaintiff, RLI INSURANCE

18     COMPANY

19

20

21

22

23

24

25

26 62E4512.DOCX

27

28

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL